| | | |
|---|---|---|
| TEONA LAKIA BRYANT, | * | IN THE |
| Plaintiff, | * | CIRCUIT COURT |
| v. | * | FOR |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | * | BALTIMORE CITY |
| | * | CASE NO. _____ |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION OF DOCUMENTS

Come now Plaintiff, pursuant to Rules 2-402, 2-412 and 2-422 of the Maryland Rules of Civil Procedure, and request that the Defendant or Defendants each produce the following documents. A written Response to this Request shall be served within the time allotted under the Maryland Rules. The documents called for are requested to be produced at the offices of Brian B. Brown & Brown & Barron, LLC, 7 St. Paul Street, Suite 800, Baltimore, Maryland 21202.

## INSTRUCTIONS

a. These Requests for Production are continuing in character so as to require you to file supplemental answers at any time that you should obtain further or different information.

b. Unless otherwise indicated, please furnish all information pertaining to the specific address or addresses alleged in the Complaint for this cause of action to be owned and/or operated by you, for a period of three years before and three years after the date of injury alleged in the applicable negligence count, or for the entire period of your ownership, whichever is less.

c. In answering these Requests for Production, please furnish all information available to you, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including, but not limited to, your employees, agents, officers or

representatives, and not merely such information known of your own personal knowledge. If you cannot answer a Request for Production in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

    d.    For purposes of interpreting or construing the scope of the Requests for Production herein, the terms used shall be given the most expansive and inclusive interpretation, unless otherwise specifically limited in the Request itself. This includes, without limitation, the following:

1. Construing "and" as well as "or" in the disjunctive or conjunctive, and as necessary to make the Request more inclusive;

2. construing the terms "relating to," "related to" and "regarding" to include any connection whatsoever, direct or indirect, with the requested information without limitation, unless otherwise specified in the Request;

3. construing "any" as well as "all" individually as well as collectively, not to the exclusion of the other;

4. construing singular and masculine forms of any nouns or pronouns to embrace and be applied as the plural, feminine, or neuter, as context requires, or vice versa; and

5. construing the past tense of any verb to embrace and be applied to the present tense, as the context requires, or as applicable, and the vice versa.

    e.    In the event you claim that a Request for Production is objectionable or inquires into privileged matters, state the nature of the objection or the privilege asserted and the reasons therefore and all facts supporting assertion of the objection or privilege with sufficient specificity

13

to enable counsel, and the court if needed, to evaluate the propriety of the asserted privilege or objection. You are further requested to produce those portions of any document, which are not subject to a claim of privilege, by excising or otherwise protecting the portions over which the privilege is asserted. For any document which you assert is covered by privilege in its entirety, please provide a list identifying:

1. the type and general subject matter of the document;

2. its author, date, and recipient; and

3. restating the privilege asserted.

## **DEFINITIONS**

a. The terms "document" and "documents" refer to all writings of any kind, including, without limitation, the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise including, without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, notations of any conversations (including, without limitation, telephone calls, meetings, and other communications), bulletins, printed matter, computer printouts, invoices, worksheets, graphic or oral records or representations of any kind (including, without limitation, photographs, maps, models, drawings, diagrams, charts, graphs, microfiche, microfilm, videotapes, recordings and motion pictures), electronic, mechanical or electric records or representations of any kind (including, without limitation, electronic mail, tapes, cassettes, discs, recordings and computer files and memories), and all drafts, alterations, modifications, changes and amendments of any of the foregoing. As used herein, the term "document" includes

all Electronically Stored Information ("ESI") and any other data or data compilations stored in any medium from which information can be obtained.

b. The term "you" or "yours" means each Defendant to whom the Requests are addressed, and any of such Defendant's related entities, predecessors, successors or subsidiaries, past or present, and any and all representative or persons of any kind acting on behalf of such Defendant or Defendants, including, its employees, agents, representatives or contractors, and any of their employees, agents, representatives or contractors, or related entities, predecessors, successors or subsidiaries, past or present.

c. The term "Subject Property(ies)" refers to the address(es) allegedly owned and/or operated by you, as set forth in the Complaint for this cause of action.

d. The term "Occurrence" refers to the alleged exposure to deteriorated lead-based paint at the Subject Property and the alleged resultant injury to Plainitff(s), as set forth in the Complaint for this cause of action.

## DOCUMENTS TO BE PRODUCED

1. Any and all documents referred to in your Answers to Interrogatories and/or reviewed by or relied upon by you or your agents to answer the same.

2. Any and all deeds, purchase and sale agreements for the Subject Property(ies).

3. Any and all rental records for the Subject Property(ies), including but not limited to: rental applications, lease agreements, records (of whatever nature) of rent payments, records of tenant complaints, telephone logs of rental business, repair records and receipts, inspection records from any source, and records of any rent court actions.

4. Any and all records from any time period showing, reflecting, or related to tenant requests for painting at the Subject Property(ies).

5. Any and all records from any time period showing, reflecting, or related to tenant complaints concerning the existence of lead-based paint at the Subject Property(ies).

6. Any and all records from any time period showing, reflecting, or related to the age of or repairs for windows, window frames, window stools, window rails, window trims, windowsills, doors, or wood trim, including, but not limited to, bannisters, baseboards, stair stringers, stair joists, door jambs, and door frames at the Subject Property(ies).

7. Any and all records from any time period showing, reflecting, or related to paint on windows, window frames, window stools, window rails, window trims, windowsills, doors, or wood trim, including, but not limited to, bannisters, baseboards, stair stringers, stair joists, door jambs, and door frames at the Subject Property(ies).

8. Any and all repair records from any time period showing, reflecting, or related to the paint at the Subject Property(ies).

9. Any and all Baltimore City Health Department violation notices for the Subject Property(ies), from any time period, or any correspondence related thereto.

10. Any and all records received, at any time period, from the Lead Poisoning Prevention Program, Maryland Department of Environment, Department of Health and Mental Hygiene, Department of Housing and Community Development, Baltimore City Health Department, and/or the Coalition to End Childhood Lead Poisoning concerning the Subject Property(ies) or the Plaintiffs(s) in this case.

11. All documents that show, reflect, or pertain to the existence of lead-based paint in the interior or on the exterior of the Subject Property(ies) at any point in time.

12. All documents that show, reflect, or pertain to the existence of lead dust inside the Subject Property(ies) at any point in time.

13. All documents that show, reflect, or pertain to the existence of chipping, flaking or peeling paint in the interior or on the exterior of the Subject Property(ies), during the time period of three years before and three years after the date of Plaintiffs's alleged injury as set forth in the Complaint.

14. Any and all documents showing, reflecting, or related to renovation work performed at the Subject Property(ies) at any point in time.

15. Any and all documents showing, reflecting, or related to abatement work performed at the Subject Property(ies) at any point in time.

16. Any and all documents showing, reflecting, or related to whether anyone at any time period sought a grant to abate lead-based paint at the Subject Property(ies).

17. Any and all documents showing, reflecting, or related to whether the lead-based paint existed at the Subject Property(ies) at the time of construction.

18. Any and all photographs, videos, or other depictions of the interior or exterior of the Subject Property(ies) at any point in time.

19. All documents referring to or relating to facts tending to support or negate the allegations in the Complaint.

20. All documents of any nature, kind or description, including reports and correspondence, supplied to or received from any expert you intend to call at trial or a hearing of this matter.

21. All reports, written memoranda, records, notes (including drafts of reports, memoranda, records, or notes) created by any expert witness to be called to testify at trial or hearing of this case, related to their work in this case, including but not limited to those that contain the opinions, analysis or conclusions of the expert or are to be used as a summary or in support of the

expert's findings and opinions (requested to be reproduced prior to any scheduled deposition of the expert).

22. Each and every publication, treatise, exhibit, memorandum, writing, drawing, diagram or other documents referred to or relied on by any expert witnesses expected to be called to testify at the trial or a hearing in this case, related to their work or opinions formed in this case (requested to be produced at least two weeks prior to any scheduled deposition of the expert).

23. A current résumé or curriculum vitae for each expert you intend to call at trial or a hearing of this matter (requested to be produced at least two weeks prior to any scheduled deposition of the expert).

24. Copies of all written communications between Plaintiffs(s) or Plaintiffs's family members and you or any of your agents, servants, or employees.

25. Any and all statements, whether signed or unsigned, or audio or video recordings related to the Occurrence or any issue in this lawsuit.

26. Any and all signed statements made by you related to the Occurrence or any issue in this lawsuit.

27. Any and all signed statements that you or your agents have obtained related to the Occurrence or any issue in this lawsuit.

28. All transcripts, affidavits, or records of testimony of any nature of any person(s) relating to the Occurrence or any issue in this lawsuit, including but not limited to all legal, administrative or other official proceedings in any way relating to the Occurrence.

29. Any and all documents reflecting any investigation into the Occurrence or any issue in this lawsuit, official or unofficial, including any investigation performed by any governmental entity.

30. Any and all records obtained by you in preparation of this case by way of subpoena, Freedom of Information Act request, medical or school records authorization, and/or deposition.

31. The insurance policy or a summary of the contents of any insurance policy under the terms of which any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

_____
Brian S. Brown, Esquire
(CPF No. 8512010055
*Brown & Barron, LLC*
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
T. (410) 547-0202
F. (410) 332-4509
bbrown@brownbarron.com