| | | |
|---|---|---|
| TEONA LAKIA BRYANT, | * | IN THE |
| Plaintiff, | * | CIRCUIT COURT |
| v. | * | FOR |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | * | BALTIMORE CITY |
| | * | CASE NO. _____ |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## INTERROGATORIES

Propounded pursuant to Rule 2-421 of the Maryland Rules of Civil Procedure to each Defendant by the Plaintiffs(s):

## INSTRUCTIONS

a. In accordance with Rule 2-421(b), your response shall set forth the Interrogatory, and shall set forth the answer to the Interrogatory "separately and fully in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory." The response shall be signed by you.

b. Also in accordance with Rule 2-421(b), your answers "shall include all information available: to you "directly or through agents, representatives, or attorneys."

c. Pursuant to Rule 2-401(e), these Interrogatories are continuing. If you obtain further material information before trial you are required to supplement your answers promptly.

d. If pursuant to Rule 2-421(c), you elect to specify and produce business records of yours in answer to any Interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

e. If you perceive any ambiguities in a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

f. Where the name or identity of a person is requested, state full name and the person's last known home address, business address and telephone number(s), if known.

g. Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the Occurrence mentioned or complained of in the pleadings.

h. Where knowledge or information in possession of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, his attorneys. When an answer is given by a corporate Defendant, state the name, address and title of the person supplying the information, and making the affidavit, and the source of his information.

## DEFINITIONS

b. The term "you" or "yours" means each Defendant to whom the Requests are addressed, and any of such Defendant's related entities, predecessors, successors or subsidiaries, past or present, and any and all representative or persons of any kind acting on behalf of such Defendant or Defendants, including, its employees, agents, representatives or contractors, and any of their employees, agents, representatives or contractors, or related entities, predecessors, successors or subsidiaries, past or present.

c. The term "Subject Property(ies)" refers to the address(es) allegedly owned and/or operated by you, as set forth in the Complaint for this cause of action.

d. The term "Occurrence" refers to the alleged exposure to deteriorated lead-based paint at the Subject Property and the alleged resultant injury to Plaintiff(s), as set forth in the Complaint for this cause of action.

## INTERROGATORIES

1. Please identify yourself, giving your full name, Social Security Number, residence address, business address, and occupation; and, if you are married, please state your spouse's name.

2. Please state whether you are the past or present owner of the Subject Property(ies) and state the date you purchased the Subject Property(ies) and the date you sold the Subject Property(ies), if applicable.

3. Please state in detail the terms of any lease of the Subject Property(ies) during the relevant time period as set forth in the Complaint.

4. State the date of construction of the Subject Property(ies).

5. Please identify by title, author(s), publication year, source of publication, and citation, all literature, publications, newspapers, internet articles, journal articles, newsletters, reference materials, texts, treatises, books, periodicals, pamphlets, or other authoritative writings or portions thereof upon which you or your experts will rely to support any defense, expert opinion, or critique any opinions offered by Plaintiffs' experts in this case.

6. Please state the name, address, and relationship to you of any person or entity who was responsible for the repair and maintenance of the Subject Property(ies).

7. State whether you observed any children under the age of 16 at the Subject Property(ies) at any time within one year prior to the alleged dates, as set forth in the Complaint, in which the infant Plaintiffs lived or frequented the Subject Property(ies).

8. State whether, prior to the alleged Occurrence, you recognized that the Subject Property(ies) might present a danger or hazard of lead exposure to children.

9. If you contend that the Subject Property(ies) was not dangerous or hazardous to children at the time the infant Plaintiffs visited or resided as alleged, please set forth in complete detail all facts on which you base this contention.

10. State whether, prior to the dates in which the infant Plaintiffs allegedly visited or resided at the premises as alleged in the Complaint, you knew or had read or learned of any child

being injured by exposure to lead-based paint or products.

11. If the answer to the preceding Interrogatory is in the affirmative, please state the date and manner in which you became aware of the hazard of exposure to lead-based paint or products.

12. Please state whether you had any knowledge at any time prior to and/or during the time in which the infant Plaintiffs allegedly visited or resided at the Subject Property(ies), as set forth in the Complaint, of the presence of flaking or peeling paint from painted interior or exterior surfaces on the premises.

13. If the answer to the preceding Interrogatory is in the affirmative, please state the circumstances of acquiring this knowledge.

14. Please state whether you had any knowledge prior to and/or during the time in which the infant Plaintiffs allegedly visited or resided at the Subject Property(ies), as set forth in the Complaint, of the presence of lead-based paint or products on the premises.

15. If you had prior knowledge of the presence of lead-based paint at the Subject Property(ies), please state whether you reported this knowledge to the infant Plaintiffs or the infant Plaintiffs' family, or any governmental agency.

16. If you had prior knowledge of the presence of lead-based paint at the Subject Property(ies), but did not report such information to anyone, please explain in detail your reasons for failing to report.

17. State whether you made any inspections of the Subject Property(ies) at any point in time to ascertain the presence of lead-based paint or chipping paint of any kind at said properties and state the details of that inspection, including, but not limited to, the identity of any person who was present during the testing, the results of the testing, the date of the testing, whether the house was occupied by any tenants at the time of that testing, and the identity of any person who was a resident

and/or tenant of the property at the time the testing took place.

18. If you did not make any inspections to ascertain the presence of lead-based paint or chipping paint at the Subject Property(ies), please state your reasons for this decision.

19. Was the Subject Property(ies) ever inspected by any official acting under the authority of any federal, state or local agency? If so, describe.

20. Please set forth in complete detail all efforts you made to prevent the infant Plaintiffs or other children from being exposed to deteriorated lead-based paint at the Subject Property(ies).

21. Please identify all repairs, including weatherizing, modernizing, or rehabilitation of the Subject Property that were made by you at any point in time during your period of ownership and/or management of the Subject Property(ies).

22. List all witnesses with personal knowledge of the facts of this case, giving full names, addresses, and the nature of information they possess.

23. Were you ever put on notice that another child may have been injured at the Subject Property(ies) prior to the infant Plaintiffs' occupancy? If so, please describe in detail.

24. State whether you have ever had any other claim filed against you for damages caused by exposure to lead-based paint. If so, describe.

25. If you contend that the infant Plaintiffs or any agent, parent or guardian of the infant Plaintiffs by any act or omission caused or contributed to cause the alleged Occurrence, please set forth in complete detail all facts on which the Defendant bases this contention.

26. If you contend that the infant Plaintiffs ingested lead from some source other than the Subject Property(ies), please set forth in complete detail the facts upon which you rely.

27. If the Subject Property(ies) was covered by a policy of liability insurance at the time of the alleged poisoning, please set out the terms of that policy, state the monetary limits of liability,

and the name of the company issuing the policy.

28. If the Defendant intends to call any expert witness at the trial of this case, please provide all of the information identified by Md. Rule 2-402(g)(1)(A), including the subject matter on which the expert is expected to testify, the substance of the findings and the opinions to which the expert is expected to testify, a summary of the grounds for each of those opinions, and produce any written report made by the expert concerning those findings and opinions.

29. If you contend that any portion of the windows, windowsills, and/or wood trim in the Subject Property(ies) was not original to the home at the time of the Plaintiffs' alleged residency and/or visitation, as set forth in the Complaint, please state all facts supporting such contention.

30. If you contend no lead-based paint existed at the Subject Property(ies) at the time the infant Plaintiffs allegedly resided and/or visited the Property, as set forth in the Complaint, please state all facts supporting such contention.

Brian S. Brown, Esquire
(CPF No. 8512010055
*Brown & Barron, LLC*
7 St. Paul Street, Suite 800
Baltimore, Maryland 21202
T. (410) 547-0202
F. (410) 332-4509
bbrown@brownbarron.com